IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BRIAN PERCENTIE                                                           PLAINTIFF
3010 Hikes Lane, #207
Louisville, Kentucky 40220

                                              3:15-cv-393-CRS
                                    Case No. _____

v.


NATIONAL CREDIT SYSTEMS, INC.                                       DEFENDANTS
3750 Naturally Fresh Boulevard
Atlanta, Georgia 30349

          SERVE:      CT Corporation System
                      306 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:      CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

          SERVE:      The Prentice Hall Corporation System
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:        CT Corporation System
                          306 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Brian Percentie, by counsel, and for his Verified Complaint against the Defendants, National Credit Systems, Inc. ("NCS"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

**I.  PRELIMINARY STATEMENT**

1.    This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of NCS's false reporting to Equifax, Trans Union and Experian, of an alleged delinquent debt of the Plaintiff, and Equifax's, Trans Union's and Experian's failure to correct NCS's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports.

**II.  PARTIES**

2.    Plaintiff, Brian Percentie, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3010 Hikes Lane, #207, Louisville, Kentucky 40220.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, NCS, is a Georgia corporation doing business in the Commonwealth of Kentucky with its principal place of business at 3750 Naturally Fresh Boulevard, Atlanta, Georgia 30349.

5.      NCS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.    Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.    Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

15.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

16.    Plaintiff resided at Churchill Park Apartments in Louisville in 2011.

17.    In or around August 2011, Churchill Park Apartments filed an action in Jefferson District Court styled *Churchill Park Apartments vs. Brian Percentie*, Case No. 11-C-911063, against Plaintiff for eviction and payment of back rent.  Plaintiff paid all back rent to Churchill Park Apartments immediately upon his receipt of the Eviction Petition in August 2011.

18.    On September 13, 2011, the Jefferson District Court dismissed Churchill Park's Eviction Petition based on Plaintiff's full payment of back rent.

19.    In or around October 2014, Plaintiff, while in the process of seeking home mortgage financing, accessed his Equifax, Trans Union and Experian credit reports and discovered a derogatory entry furnished by NCS referencing the alleged Churchill Park Apartments debt.

20.     On or about September 29, 2014, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the alleged past due amount based on his payment in full of back rent and the Jefferson District Court's dismissal of Churchill Park's claim in September 2011.

21.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified NCS of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

22.     In or around March 19, 2015, NCS, Equifax, Trans Union and Experian verified the alleged NCS collection account.

23.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, NCS, Equifax, Trans Union, and Experian failed to remove the disputed items from Plaintiff's credit report.  Upon information and belief, NCS, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following NCS, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

24.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged collections account.

## V.  CLAIMS

### Negligence – NCS

25.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.     NCS's false reporting to Equifax, Trans Union, and Experian regarding the alleged collections account was negligent under applicable law.  In falsely reporting the alleged collections account, NCS breached its duty to Plaintiff to report accurate information regarding Plaintiff's

credit history and acted with conscious disregard for Plaintiff's rights.

27.    NCS's false reporting to Equifax, Trans Union and Experian regarding the alleged collections account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.  NCS's false reporting to Equifax, Trans Union and Experian regarding the alleged collections account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

28.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.    Equifax's failure to remove NCS's false report of Plaintiff's alleged NCS collections account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.  In failing to remove the alleged collections account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

30.    Equifax's negligent failure to remove NCS's alleged collections account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

31.    Equifax's failure to remove NCS's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Trans Union**

32.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     Trans Union's failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent.  In failing to remove the alleged collections account, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

34.     Trans Union's negligent failure to remove NCS's alleged collections account from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35.     Trans Union's failure to remove NCS's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Experian**

36.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.     Experian's failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.  In failing to remove NCS's false report of Plaintiff's alleged collections account, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with

conscious disregard for Plaintiff's rights.

38.    Experian's negligent failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

39.    Experian's failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – NCS

40.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.    NCS, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a collection account with NCS in the amount of $1,206.00.  NCS's statements were false and were made with conscious disregard for the rights of the Plaintiff.

42.    NCS's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

43.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, NCS and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a collections account with NCS in the amount of $1,206.00.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

46.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, NCS and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a collections account with NCS in the amount of $1,206.00.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

48.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due NCS account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

49.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.    Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, NCS and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a collections account balance with NCS in the amount of $1,206.00.   Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

51.    Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – NCS**

52.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.    NCS's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged collections account is a violation of NCS's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

54.    NCS's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which NCS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

55.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.    Equifax's failure to remove the disputed NCS account from Plaintiff's Equifax credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and

Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

57.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

58.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.     Trans Union's failure to remove the disputed NCS account from Plaintiff's Trans Union credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

61.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.    Experian's failure to remove the disputed NCS account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.    Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – NCS**

64.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65.    NCS's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due NCS account, despite NCS's knowledge of the falsity of its reporting, is a willful violation of NCS's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

66.    Given NCS's knowledge of the falsity of its reporting, NCS's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which

NCS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

67.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68.    Equifax's failure to remove the NCS account from Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

70.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

71.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.    Trans Union's failure to remove the NCS account from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items

under 15 U.S.C. §1681i.

73.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

74.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

75.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Experian's failure to remove the NCS account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

77.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Brian Percentie, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


*/s/David W. Hemminger*
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY  40202
Phone, (502) 589-4215
Facsimile, (502) 589-4994
dhemminger@lynchcox.com
*Counsel for Plaintiff*

## VERIFICATION

I, Brian Percentie, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Brian Percentie

COMMONWEALTH OF KENTUCKY    )
                                                         ) SS
COUNTY OF JEFFERSON               )

Subscribed, sworn to and acknowledged before me by Brian Percentie this 21 day of

_May_____, 2015.

_____
Notary Public

Commission expires: _Aug, 28, 2018___

NOTARY ID# 518178
WILL BROOKS
NOTARY
PUBLIC
STATE AT LARGE, KENTUCKY
MY COMMISSION EXPIRES AUG 28, 2018

16